IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RUSSELL B. SMITH, JR. and RUSSELL B. SMITH, JR., Personal Representative of the ESTATE OF IRINA A. SMITH, DESEASED,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, et al.,<br>Defendants. | No. CV 23-82-GF-BMM<br><br>**ORDER ON MOTION TO COMPEL** |

## INTRODUCTION

Plaintiffs Russel B. Smith, and Russell B. Smith, Jr., Personal Representative of the Estate of Irina A. Smith (collectively "Plaintiffs"), have filed a motion to compel the production of certain documents. (Doc. 26.) Defendants BNSF Railway Company ("Defendants") oppose the motion. (Doc. 30.) The Court resolved some of the issues at the hearing and ordered the parties to resolve other issues through the meet and confer process. (Doc. 31.) The Court directed Defendants to produce certain discovery documents that were disputed sensitive medical and employee record information for *in-camera* review. (*Id.*) The Court has conducted an *in-camera* review of the documents produced and now issues this order to resolve the pending motion.

1

**FACTUAL AND LEGAL BACKGROUND**

The Court has been involved with the discovery and is familiar with the circumstances of the case. Irina Smith and her dog were tragically struck by a BNSF railcar while walking on the track outside Chinook, Montana. (Doc. 1.) The Court held discovery conferences on September 11, 2024, and October 10, 2024. (Doc. 22; Doc. 31.) The Court also issued a protective order governing discovery and production of confidential information. (Doc. 19.)

**LEGAL STANDARD**

The Court possesses broad discretion to manage discovery. *Kelley v. Billings*, No. CV 12-74-BLG-RFC-CSO, 2013 U.S. Dist. LEXIS 50370, at *3 (D. Mont. April 8, 2013) (citing *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)). A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018). The Court can compel the production of evidence within the limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant, and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mt. West Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 U.S. Dist. LEXIS 18944, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559–60 (S.D. Cal. 2019)). The movant must have conferred or attempted to confer in good faith with the party failing to respond to the discovery requests prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

An *in-camera* review involves a private review of documents by the court. The decision to review materials *in-camera* is left to the sound discretion of the trial court. *United States v. Zolin*, 491 U.S. 554, 572 (1989). An *in-camera* review is not appropriate merely because a party objects to assertions of privilege. *See id*. at 571–572. And, a mere objection, or even a suspicion, is not a basis upon which the parties can shift a burden to a court that they should bear themselves. *Id*. A court should conduct an *in-camera* review only after the movant has provided a sufficient factual basis to support a good faith belief that *in-camera* review will reveal improperly withheld material. *Id* at 572.

## DISCUSSION

### I. Plaintiffs' Motion to Compel.

Plaintiffs seek an order compelling personnel records of BNSF claims

3

representative Jeff Brandon ("Brandon") and a more detailed privilege log. Plaintiffs also seek longer train video data and more responsive answers to requests for production and interrogatories. (Doc. 26 at 9-12.) The parties resolved the latter requests at the motion hearing and through the meet and confer process. The video of the incident that the Defendants' produced proves sufficient. The Defendants were also given a couple weeks to supplement their responses to the requests for production and interrogatories. The Court will address BNSF employee Jeff Brandon's records and the Defendants' privilege log. The parties may request a conference with the court if there any disputes remain after this order.

### A. Jeff Brandon's Employee Records

If a party producing a record in good faith believes that a record contains confidential data, personnel or payroll records, or other commercial and/or sensitive data, then the information can be deemed confidential. (Doc. 19 at 2-4.) The protective order issued by this Court protects such records from being disclosed publicly. Defendants object to the disclosure because "such information is not proportional to the needs of the case." (Doc. 30 at 10.) Jeff Brandon oversees post-incident investigations for BNSF and was assigned to investigate the case involving Irina Smith. Plaintiffs seek employee records, including medical evaluations and performance records, on Brandon.

After review of the relevant documents, the Court finds that disclosure of the

Brandon's records is warranted subject to the protective order. Brandon was the only person in charge of gathering information related to the death of Irina Smith and his performance and expertise before the investigation is certainly relevant. Defendants' concern about the intrusion on Brandon's privacy is unfounded and is lessened by the protective order issued in this case. Defendants have not shown why Brandon's records should not be disclosed beyond the privacy concerns. The Court agrees that the alleged "myriad of employees who have ever serviced the train" may be beyond the scope of discovery. Plaintiffs request is limited to Jeff Brandon.

This case proves different than the cases involving religious organizations, public board interests, and the public's right to know. See *State v. Burns*, 830 P.2d 1318 (Mont. 1992) (holding a district court properly used *in camera* review to deny disclosure of a Catholic priest's personal file); *Flesh v. Bd. of Trustees of Joint Sch. Dist. No. 2*, 786 P.2d 4. (Mont. 1990) (holding that a court properly determined that a school board member's right to privacy outweighed the common interest of all citizens and taxpayers and a close school board meeting was properly closed to the public); *Missoulian v. Board of Regents*, 675 P.2d 962 (Mont. 1984) (holding that a determination of a University to close meetings involving university presidents' job performance reviews outweighed a public's right to know information through published news outlet). Brandon is an employee of a private company who investigated the death of another private person. A protective order shields

Brandon's information from public disclosure unlike these cases. BNSF assigned Brandon to respond the incident and make determinations on how the investigation should proceed. Plaintiffs claim negligence, among other things, and Brandon's competency to investigate BNSF's liability certainly involves a relevant matter that should be disclosed.

The Court orders Defendants to produce records related to the Brandon in accordance with Request for Production No. 9. The information provided by Defendants in response to Request for Production No. 9 shall remain subject to the protective order previously entered by the Court. (Doc. 19.) Plaintiffs may raise challenges to other deficiencies in the responses if it has any.

### B. Privilege Log

Plaintiffs contend that the privilege log produced by Defendants proves insufficient. (Doc. 27 at 21.) The Court has reviewed Plaintiffs' privilege log. A privilege log must allow the Court or the opposing party to determine the existence of the privilege based on the description of the entries. *See Kephart v. Nat'l Union Fire Ins. Co.*, No. CV-06-97-BLG-CSO, 2007 U.S. Dist. LEXIS 56354, at *5–6 (D. Mont. Aug. 2, 2007). A sufficient privilege log contains "a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addresses and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and

grounds thereof." *Kephart*, 2007 U.S. Dist. LEXIS 56354, at *5 (internal quotations omitted). "The subject matter and author of each exhibit is critical in determining whether the attorney-client privilege prevents its discovery." *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895, 906 (Mont. 1993).

Plaintiffs' privilege log states the parties involved, the date, the type of communication/document, the subject of the communication/document, and the privilege asserted. (Doc. 30-18.) The Court agrees with Plaintiffs that some of the descriptions appear vague and require more information. For example, some of the entries list an email address with "auto generated call emails" and lists a "right to privacy" privilege. (*Id.* at 1-2.) Another entry simply says, "outlook contact card." (*Id.*) Other vague entries fail to disclose the parties involved or the subject of the communication. The remainder of the privilege log allows a reviewing party, however, to discern the privilege. Defendants shall update their privilege log so that the Plaintiffs adequately may assess what privilege exists and can discern the subject matter.

The Court grants the motion to compel Defendants to produce a more detailed privilege log. If Defendants already have supplemented the privilege log and disclosed to Plaintiffs, then no further action should be taken. Plaintiffs may raise challenges to specific documents withheld and specific claims of privilege if it has any.

## CONCLUSION

The Court grants, in part, and denies, in part, Plaintiffs' Motion to Compel (Doc. 26.) Each party shall bear its own fees and costs associated with this order, the hearings related to it, and the briefing. The Court cautions the parties that it would be inclined to award fees and costs if further proceedings prove necessary to resolve these matters.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion to Compel (Doc. 26) is **GRANTED,** as follows:

    a. Defendants must respond to Request for Production No. 9 and disclose employment records pertaining to Jeff Brandon. The information provided by Defendants in response to Request for Production No. 9 shall remain subject to the protective order previously entered by the Court. (Doc. 19.)

    b. Defendants must supplement their privilege log so that Plaintiff may know what document or communication is being claimed privileged. Defendants shall list the parties involved in the description of the discovery.

    c. Plaintiffs' other requests to compel certain responses and documents are **DENIED** as moot. Plaintiffs may request a status conference to

raise any other challenges or deficiencies in the discovery requests that are not included in this order.

d. Each party shall bear its own fees and costs.

DATED this 20th day of November, 2024.

_____
Brian Morris, Chief District Judge
United States District Court